UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:15-cv-24645-Ungaro/Otazo-Reyes

CHRISTIAN PACHECO,

    Plaintiff,

v.

OVERSEAS NVOCC CORP,
CLAUDIO R. LOPEZ,

    Defendants
_____/

**PLAINTIFF'S VERIFIED MOTION FOR FINAL DEFAULT JUDGMENT
AND ATTORNEY'S FEES AND COSTS**

Plaintiff, Christian Pacheco ("Mr. Pacheco"), by and through the undersigned counsel, pursuant to the Fed.R.Civ.P. 55(b) and the Court's Orders [ECF No. 11 and ECF No. 13], moves for final default judgment against Overseas NVOCC Corp. and Claudio R. Lopez (hereinafter, "Overseas Corp.") for the sum $5,209.31 in unpaid wages and liquidated damages plus costs and attorney's fees, and as grounds thereof states the following:

1. Mr. Pacheco filed his Complaint on December 17, 2015 pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 201 et seq. for unpaid overtime wages. **See ECF No. 1**.

2. Defendant Overseas NVOCC Corp. was served on January 5, 2016. **See ECF No. 6**.

3. Defendant Claudio R. Lopez was served on January 16, 2016. **See ECF No. 8**.

4. Overseas Corp. are not in the military as defined by the "Service members Civil Relief Act" - 50 App. U.S.C.A. § 501, Et. Seq. and are not "...an infant or incompetent person..." as more fully described in Fed. R. Civ. 55(b)(2).

5. Overseas Corp. have failed to timely plead, defend, or respond to Mr. Pacheco's Complaint, and thus Mr. Pacheco is entitled to a final default judgment.

6. The Clerk of Court entered default on February 22, 2016. **See ECF No. 10**.

7. Mr. Pacheco's total claim is for $5,209.31 and consists of half unpaid overtime wages and half liquidated damages. **See Verified Affidavit of Christian Pacheco** filed as an attachment to this motion.

8. In addition to the above, Mr. Pacheco is also seeking reasonable attorney's fees and costs as provided by the FLSA.

## **MEMORANDUM OF LAW**

The FLSA mandates that in any action brought by an employee to enforce section 206 or 207 of the Act, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action..." 29 U.S.C.. § 216(b). In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, which is commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434; accord *Norman v. Hous. Auth.*, 836 F.2d 1292, 1299-1302 (11th Cir.1988).

The 'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.' *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir 1999) (quoting *Norman*, 836 F.2d at 1303). Thus, the applicant must produce satisfactory evidence that

the requested rate is within the prevailing market rate and supports the number of hours worked and the rate sought. *See Hensley*, 461 U.S. at 432.

In the instant case, the attorney's fees are $2,130.00 at the hourly rate of $300.00 and the costs are $487.00. **See attached Billing Statement, <u>Exhibit B</u>**.

Plaintiff's counsel is entitled to future fees regarding collection of the default judgment. In *DiFrancesco v. Home Furniture Liquidators, Inc.*, 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009), the Court found that attorney's fees related to collection on a final default judgment was available in FLSA cases, stating:

> [i]n *Doden v. Plainfield Fire Protection Dist.,* 108 F. 3d 1379 (7th Cir. 1997), suggests that attorney's fees for post-judgment work may be available in FLSA cases. In *Doden,* the district court denied the plaintiff's request for attorney's fees in collecting a judgment finding that the plaintiff's efforts were unnecessary because the defendant was willing, ready and able to pay the judgment. *2008 U.S. Dist.* LEXIS 72327, [WL] at 2. The district court's reasoning for denying the fee request suggests that the district court may have awarded the fees had the plaintiff's attorney's efforts been necessary. On appeal, the Seventh Circuit affirmed the district court's decision noting that the record supported the district court's finding that the plaintiff's engaged in unnecessary efforts relating to the judgment. "This is a clear, concise, and reasonable explanation of why attorneys' fees were not awarded for these motions, and thus, the district court did not abuse its discretion in the denial of fees." *2008 U.S. Dist.* LEXIS 72327, [WL] at 5.

The court in the *DiFrancesco* decision further stated:

> The courts have awarded post-judgment collection fees in cases involving other federal statutes. In *Free v. Briody*, 793 F. 2d 807 (7th Cir. 1986), the Seventh Circuit affirmed an award of attorney's fees for efforts made to collect a judgment arising out of a lawsuit brought under the Employee Retirement Income Security Act ("ERISA"). In affirming the fee award the circuit court noted that "[n]othing on the face of the statute, or in its history or purpose, suggests that the only legal efforts that can be compensated by an award of fees are those that precede the judgment, and not those

3

> incurred afterward to make the judgment a reality." *Id*. at 808. The circuit court further noted that "the entry of the judgment is not the end of the litigation . . . . It would make no more sense to deny attorney's fees for efforts to collect a judgment than it would to deny them for efforts to defend a judgment on appeal." *Id*. at 809.

Here, Plaintiff's counsel will have to exert more time and effort in collection of the default judgment resulting from the underlying FLSA case and as a result should be awarded reasonable attorney's fees pursuant to this Court's decision in *DiFrancesco*.

WHEREFORE, Mr. Pacheco is entitled to a default judgment against Overseas NVOCC Corp. and Claudio R. Lopez, for failing to timely plead or otherwise defend as provided by the rules, and also seeking a reward of reasonable attorney's fees and costs in litigating this matter.

## **VERIFICATION**

I DECLARE under penalty of perjury that the foregoing motion is true and correct.

_____
Elliot Kozolchyk, Esq.

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on March 9, 2016 with the Clerk of Court using CM/ECF along with having served all counsel of record or pro se parties identified on the service list incorporated herein in the manner specified, either via transmission of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties not authorized to receive electronically Notice of Electronic Filing.

                                        Respectfully submitted,

                                        Koz Law, P.A.
                                        320 S.E. 9th Street
                                        Fort Lauderdale, FL 33316
                                        Phone: (786) 924-9929
                                        Fax:   (786) 358-6071
                                        Email: ekoz@kozlawfirm.com

                                        _____
                                        Elliot Kozolchyk
                                        Bar No.: 74791

## SERVICE LIST

*Sent U.S. Mail:*
Overseas NVOCC Corp.
c/o Beato Pimentel & Associates, PA
8250 NW 25 Street, Ste. #1
Doral, FL 33122

*Sent via U.S. Mail:*
Overseas NVOCC Corp.
c/o Mr. Claudio R. Lopez
13510 SW 81 Street
Miami, FL 33183