UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:15-cv-24645-UU

CHRISTIAN PACHECO,

    Plaintiff,

v.

OVERSEAS NVOCC CORP., *et al.*,

    Defendants.
_____/

## ORDER ON MOTION FOR FINAL DEFAULT JUDGMENT

THIS CAUSE is before the Court upon Plaintiff's Motion for Entry of Final Default Judgment, D.E. 15.

THE COURT has reviewed the pertinent portions of the record and is otherwise fully advised of the premises.

**I.     Background**

On December 17, 2015, Plaintiff filed a Complaint alleging that Defendants, Overseas NVOCC Corporation ("NVOCC") and Claudio R. Lopez ("Lopez"), failed to pay him overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). D.E. 1. NVOCC is a Florida company who was served with a copy of the summons and Complaint on January 5, 2016. D.E. 6. Lopez is a Florida resident who was served with a copy of the summons and Complaint on January 16, 2016. D.E. 8. Accordingly, NVOCC's response to Plaintiff's Complaint was due on January 26, 2016 and Lopez's response was due on February 8, 2016. On February 19, 2016, Plaintiff moved for a clerk's entry of default and default was entered on February 22. D.E. 9, 10. On February 23, 2016, Plaintiff was ordered to file a Motion for Final Default Judgment no later than March 2, 2016. D.E. 11. Plaintiff requested an extension through

and including March 9, 2016, which was granted. D.E. 12, 13. On March 9, 2016, Plaintiff filed this Motion, seeking a default judgment of: (1) $5,209.31 in unpaid wages, which consisted of $2,604.65 in unpaid wages and $2,604.66 in liquidated damages; (2) $2,130.00 in attorney's fees; and (3) $487.00 in costs. D.E. 15. This amounts to a total of $7,826.31 plus interest at the legal rate. D.E. 15. In support thereof, Plaintiff filed an affidavit, which included a summary of unpaid overtime wages and a billing statement from Elliot Kozolchyk, Esq., Plaintiff's attorney. D.E. 15-1, 15-2.

## II.   Default Judgment

"The district court has the authority to enter default judgment for failure to prosecute with reasonable diligence or to comply with its orders or rules of procedure." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); Fed. R. Civ. P. 55. Here, despite being served on January 5, 2016 and January 16, 2016, respectively, NVOCC and Lopez have both failed to appear or file any responsive pleading for the past two months. Where a defendant fails to defend an action, the well-pleaded allegations of fact in a plaintiff's complaint, except those relating to the amount of damages, are taken as true. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987).

The Court finds that Plaintiff has met its obligations under Rule 55, Fed. R. Civ. P., and is therefore entitled to a Default Final Judgment being entered against Defendant. Accordingly it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion, D.E. 15, is GRANTED. The Court will separately enter the Final Default Judgment.

DONE AND ORDERED in chambers at Miami, Florida this _9th__ day of March, 2016.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record